UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-23340

MOISES MARIA GOMEZ, on behalf of himself
and all others similarly situated,

        Plaintiff,

vs.

FM12 LIQUORS, INC. and FRANKLIN ANTONIO MARIA,

        Defendants.

_____/

## COMPLAINT
*[Jury Trial Demanded]*

Plaintiff Moises Maria Gomez, on behalf of himself and all others similarly situated, files his Complaint against FM12 Twelve Liquors, Inc. ("FM12") and Franklin Antonio Maria and alleges as follows:

### SUMMARY

1. FM12 Liquors, Inc. and Franklin Antonio Maria (hereinafter Collectively "Defendants") required and/or permitted Moises Maria Gomez (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Florida because Defendants engage in business here and reside here.

## THE PARTIES

6. Upon information and belief, at all times material hereto Defendant Maria is over eighteen years of age and is a resident of Florida.

7. At all times material hereto, FM12, a domestic for-profit corporation, was and continues to be engaged in business in Florida with its principal address listed as 11401 NW 27th Ave, Miami, FL 33167.

8. Plaintiff Moises Maria Gomez is a resident of Florida. Mr. Gomez's written Consent to Join this action is attached as Exhibit "A."

## COVERAGE

9. Defendant FM12 is an enterprise that engages in commerce or in the production of goods for commerce.

10. Defendant Maria was a managing agent of FM12, said Defendant acted and acts directly in the interests of the Defendant FM12. Defendant Maria effectively dominated FM12 administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant Maria was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. At all times material hereto, Defendant Maria operated FM12.

12. At all times material hereto, Defendant Maria regularly held and/or exercised

the authority to hire and fire employees of FM12.

13. At all times material hereto, Defendant Maria regularly held and/or exercised the authority to determine the work schedules for the employees of FM12.

14. At all times material hereto, Defendant Maria regularly held and/or exercised the authority to control the finances and operations of FM12.

15. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

16. Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

17. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

18. In furtherance of Defendants' business, Defendants' employees including Plaintiff and Class Members handled, sold, or otherwise utilized goods, materials, and equipment that had been moved in or produced for such commerce, thus affording them the protections of the FLSA.

### REPRESENTATIVE ACTION ALLEGATIONS

19. Plaintiff has actual knowledge that other Class Members have been denied overtime pay for hours worked over forty hours in a workweek.

20. This Complaint may be brought and maintained as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiff because his claims are similar to the claims of the Class Members of the representative action.

21. The names and addresses of the putative members of this representative action

are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

22. Although Defendants have suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendants have denied them full compensation for their hours worked over forty.

23. Plaintiff and Class Members perform/performed the same or similar work.

24. Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay and/or untimely payment of wages.

25. Defendants' failure to pay all or part of overtime compensation at the rates required by the FLSA or failure to tender pay checks resulted from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

26. Plaintiff's experiences are typical of the experiences of the Class Members.

27. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

28. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

29. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

30. The class of similarly situated plaintiffs is properly defined as follows:

   a. **All of Defendants' employees who at any time during the three-year time period immediately preceding the filing of this suit have not been compensated at their correct overtime premium rate for all hours worked in excess of 40 hours per week.**

**FACTUAL ALLEGATIONS**

31. Defendants operate as a liquor store in Miami, Florida.

32. Plaintiff is a former employee of Defendants who was employed by Defendants as a non-exempt employee from on or about May 3, 2016 through on or about May 19, 2020.

33. Plaintiff approximates that he worked on average of seventy (70) to seventy-five (75) hours per week for Defendants.

34. Defendants compensated Plaintiff $16.25 per hour for the first forty (40) hours worked per week. However, any hours worked in excess of forty (40) were paid to Plaintiff in cash at $11.50 per hour.

35. Class Members were compensated their straight time hourly rate for all hours worked.

36. Defendants improperly classified Plaintiff and Class Members as exempt for FLSA purposes.

37. By way of example, for the pay period covering December 24, 2017 through January 6, 2018, Plaintiff worked a total of 209.63 hours. However, Defendants failed to compensate Plaintiff the full $3,438.90 he was entitled to under the FLSA.

**CAUSES OF ACTION**
***COUNT I***
***VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")***

38. Plaintiff incorporates all allegations contained in the preceding paragraphs.

39. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

40. Defendants' failure to pay overtime compensation to Plaintiff and Class Members violates the FLSA.

41. Plaintiff and Class Members are not exempt from the right to receive the appropriate overtime pay under the FLSA.

42. As a result of Defendants' failure to compensate their employees, including Plaintiff and Class Members, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. §201, Et Seq.

43. Accordingly, Plaintiff and Class Members entitled to unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

44. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to 29 U.S.C. § 216(b).

45. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

46. Plaintiff and Class Members are entitled to have the limitations period extended to three years because Defendants' actions were willful.  29 U.S.C. § 216(b).

47. WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor against Defendants, jointly and severally, awarding him:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one- and one-half times his regular rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued up to three years;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. injunctive relief;

F. pre-judgment and post judgment interest at the highest rates allowed by law; and

G. such other relief as to which Plaintiff and Class Members may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No. 55409
1776 N. Pine Island Road, Suite 224
Plantation, FL 33322
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@goldbergloren.com
*Attorney for Plaintiff and Class Members*